## HODGMAN *v.* BARKER.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

1. EXECUTION—APPLICATION OF FUND—EFFECT OF MOTION TO STAY.
   Notice to the attorney for a sheriff that a stay of the application of moneys in the latter's hands to an execution is about to be applied for will not of itself operate as a stay, and giving a check for such moneys to the attorney for the execution creditor, before the service of an order staying such payment, is not a violation of the same.

2. ATTACHMENT—VALIDITY—WHO MAY ATTACK.
   An attaching creditor whose attachment is defective cannot complain that another attachment is void, and that the sheriff had no authority to act thereunder.

Appeal from special term, New York county.

Action by George F. Hodgman against Stephen T. Barker. Plaintiff was an attaching creditor, and the National Bank also issued an attachment against the property of the same defendant. Daniel E. Sickles, as sheriff, had collected a sum of money under plaintiff's attachment and execution. The court of appeals had sustained the decision of the general term that, the attachment of the bank being defective, it could not attack plaintiff's attachment, and plaintiff applied to the sheriff, after the decision for the moneys, and the bank notified the sheriff's counsel that he was about to procure a stay of proceedings pending an application by him to vacate plaintiff's attachment upon the merits. Before the service of an order staying payment, the sheriff gave a check to the plaintiff's attorney. The bank appeals from an order confirming and adopting a referee's report as to the violation of the order staying proceedings. Affirmed. For former reports, see 14 N. Y. Supp. 574; 16 N. Y. Supp. 76; 17 N. Y. Supp. 595.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Kelly & MacRae,* (*Wm. F. MacRae,* of counsel,) for appellant. *Eugene K. Sackett,* (*Samuel Skidmore,* of counsel,) for respondent.

VAN BRUNT, P. J. Although we do not entirely comprehend the practice by which this appeal is brought before the court without the evidence upon which the court is supposed to have acted in the disposition of the motion in the court below, the report of the referee being merely advisory, and under no circumstances conclusive, yet, it having been assumed that an appeal may be brought, we will dispose of the question. It must, of course, be assumed that all the facts which appear in the report as contained in the papers are true; and, unless it can be shown that there was error in the conclusion arrived at by the court below, these facts being true, the order must be affirmed. Upon a careful examination of those facts, it would appear that the position of the counsel for the appellant is that the sheriff and the plaintiff's attorney, having had notice of his intention to apply for a stay, were thereby stayed until it might be determined as to whether the court should or should not grant his application; and that it is a violation of an order subsequently granted to do an act inconsistent therewith, because notice had been given of the fact that application was to be made for such an order.

We are not aware of any rule by which an order becomes operative before it is made, or that a stay of proceedings necessarily follows the notice of the attorney that he is about to apply for the same. The evidence shows that the money was paid over before any order was made or served, and that it had been receipted for upon the execution before the service of any such order, and therefore the application which is referred to in the order granting the stay had been made. The mere deposit of the check by the attorney in his bank was not an application of the money. It had been received and applied before the order was served, and hence was not within the stay which had been granted.

It is urged that the plaintiff's attachment is void, and that therefore the sheriff was not authorized to act; but, even if that were so, how can the appellant here raise any such question? It had been decided, and was the law at the time this stay was granted, that the appellant had no standing in court to attack such attachment, and there is nothing contained in the referee's findings to show that there had been any change in its position. It seems to us, therefore, whatever view is to be taken of the question presented, that the appellant is not in a position to complain of the payment in question. The order should be affirmed, with $10 costs and disbursements. All concur.